Paul Christopher Davis, Federal Correctional Institution, Edgefield, SC, for Petitioner–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Paul Christopher Davis, prisoner number 15273–057, was convicted of one charge of possession of approximately 815 grams of crack cocaine with intent to distribute and was sentenced to 330 months in prison. Davis filed a purported 28 U.S.C. § 2241 petition to challenge this sentence. The district court determined that Davis's purported 28 U.S.C. § 2241 petition was best classed as a 28 U.S.C. § 2255 motion and dismissed it. Davis now appeals that dismissal. Given the benefit of liberal construction, his argument to this court may fairly be construed as alleging that he is entitled to bring a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255 because he is actually innocent of his sentence.

In reviewing the denial of habeas relief, the district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). Davis has not shown that the district court erred in construing his pleading as an unauthorized 28 U.S.C. § 2255 motion that should be dismissed. Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco REYES–FLORES, also known as Francisco Flores–Flores, Defendant–Appellant.**

**No. 03–50675.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 2004.

Joseph H. Gay, Jr, Assistant US Attorney, US Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Lucien B. Campbell, Federal Public Defender, Philip J Lynch, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Francisco Reyes–Flores appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Reyes–Flores contends that 8 U.S.C. § 1326(a) and 8

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Reyes–Flores maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Reyes–Flores acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.